Judge Hise
delivered the opinion of the Court.
The complainant Samuel Hammon, trustee, &c., filed his bill against Martin Dusk to enforce his lien upon a house and lot in Louisville, to realize thereby, the residue of the unpaid purchase money. Dusk answers and amongst other matters in defence, (not necessary to be noticed,) he states that he is informed and believes that one Nancy Willett has a claim to dower in the property sought to be subjected, as the widow of David Ray, deceased — makes his answer a cross bill over against her and others, and calls upon her as defendant thereto, to answer, set up, and prove her claim.
*173 Complainant answers Dusk’s cross bill, and says that he does not know, and therefore denies that Nancy Willett is entitled to dower in said property as David Ray’s widow, and calls for proof; that Dusk had .previously purchased the same from one David L. Beatty, who conveyed to him by deed with covenant of warranty', and that when Dusk repurchased from him, he' was apprised of the nature of the title. He makes this answer a cross bill against Beatty, and prays that if Nancy Willett should establish her claim to dower, that he should have relief over against him, (Beatty,) upon his warranty of title.
Nancy Willett having been brought into the case by Dusk’s cross bill as above stated, answers and sets up the following facts: That the lot in question was by Levi Tyler, sold and conveyed by deed to one Patrick Ray, on the 14th of May, 1830, for the sum of 500 dollars, to be paid in 1, 2, 3, 4, and 5 years, 100 dollars each year, with interest — that a lien was reserved in the deed to secure the payment of the purchase money. That Patrick Ray entered into possession of the lot, made improvements and held it until his death.— That her husband, David Ray, as the only brother and sole heir of Patrick Ray, deceased, after his death entered upon and took possession of the property', and held the same until his death, in 1833; that she after-wards intermarried with Jonathan Willett, that 300 dollars of the purchase money had been paid by Patrick Ray in his lifetime, two notes for $100 each, the balance due for the lot, was transferred, one to Daniel, the other to Joyes. That by suit in equity Daniel and Joyes enforced their lien upon the property, and on the 30th May, 1838, it was sold by virtue of a decree of the Louisville Chancery Court, through the instrumentality of its commissioner, and D. L. Beatty became the purchaser thereof, at the sum of $317 73, and received the commissioner’s deed, which was reported to, and confirmed by the Court on the 6th September, 1838. That the property as improved was worth three times *174 as much as it, sold for at said sale. That she was not made a party to said suit, and was married at the time to Willett, that her interests, just claim and right of dower, were wholly disregarded in said proceedings, the record of which duly attested are exhibited as part of her answer and cross bill. She prays that dower be assigned her, and for general relief.
The substance of the proof stated.
A widow whose husband is seized during cover-ture, cannot be divested of her dower by a suit to enforce a lien for balance of purchase money unpaid, brought after the death of the husband, to which she is no party, and a sale of the property
Beatty’s answer does not admit any thing, except his purchase of said property at the sum and time stated, and calls for proof, &c.
The proof in the cause sustains fully the facts as stated, indeed the pleadings in the chancery suit referred to, disclose the fact that David Ray was the only brother and heir at law of Patrick Ray, who it is averred, died without issue, and the bill of Daniel and answer of Tyler, state and admit that the title to the property had descended to Ann Ray, an infant, and only child and heir at law of David Ray, deceased-, and the deposition of Edward Hughes, taken in the case referred to, proves that David Ray died after his brother Patrick, leaving a wife and two children, Ann and Mary Ray,- and that the latter died without issue.
The complainant, Nancy Willett, was the mother of Ann, and the widow of David Ray, as is proven incon-testibly by the depositions given in the suit. She was therefore entitled to dower in the house and lot in question, which right was subject however, to the lien reserved in the deed of Tyler to Patrick Ray to secure the payment of the purchase money.
Patrick Ray paid 300 dollars of the purchase money, built a house on the lot worth 500 dollars, and. died. His brother David, at that time the husband of Nancy Willett, came into possession of the property, and held it until his death, as the only heir of Patrick Ray, deceased, leaving it still encumbered with a lien thereon, for -the balance of unpaid purchase money and interest, amounting altogether, at the date of the commissioners sale to Beatty, to the sum of $317 73.
The decree of the Chancellor below.
If Nancy Willett had been made a party to the suit instituted in the Louisville Chancery Court, by which Daniel and Joyes as assignees were seeking to enforce their lien, and if her rights and interest had been then considered and litigated, in that case, if the entire property would have been necessary,at a fair sale, with such .notice to her, by a commissioner acting under the decree.of the Court, to satisfy the balance of the purchase money, and. the whole estate had been necessarily sold for that purpose, she would have been thereby deprived of any right of dower whatever in the property. But she was no party to the suit, her right was not considered or provided for in any manner, in the decree rendered in that case. Her right and claim to dower therefore is not barred or precluded by the sale and purchase of the house and lot, resulting from the proceedings and decree had and rendered in that suit. Some of the witnesses have stated that the house and lot was worth $1000 00 at the date of the commissioner’s sale in May, 1838. The amount of purchase money then due was, as before stated, $317 73. For securing the payment of this sum, a prior lien on the property existed, paramount to the widow’s right of dower. If her interests had been represented and protected in the chancery suit referred to, it may be reasonably presumed that at a fair sale by the commissioner, the property, if unincumbered, would have been made to bring its fair cash value, from which value, assuming it at $1000, deduct $317 73 for unpaid purchase money, and the sum of $682 27 would remain. If, therefore, the widow’s dower had been assigned to her at the date of said sale, she might then have been entitled to one-third of the last named sum, to wit: $227 42.1-3, during her life; or rather to an interest in the property of the value of the latter sum, her enjoyment of that interest to commence from the death of her husband. And as, without her consent, she has been deprived of her rights, and prevented from the enjoyment thereof, - she is entitled to interest or rents proportioned ■ to her claim in *176 the property to be decreed against D. S. Beatty, who caused that deprivation and prevention by taking possession of the entire property, and enjoying the whole thereof, from and after his purchase at the commissioner’s, sale, as before stated. No doubt is entertained but that Nancy Willett with her two children, continued in the possession of the premises after the death of her husband David Ray, until she intermarried with Jonathan Willett, and from thence until the 30th of May, 1838, when the sale to Beatty by the chancery commissioner took place, and it is doubtless the fact also, and such is the opinion of the Court, that the property was sold and purchased with the idea and understanding, if not by express agreement, that the widow of D. Ray, then the wife of Willett, was entitled to, and would enjoy in future, a dower estate in the house and lot; and hence Beatty offered and gave no more nor less for them than the precise amount of the balance of purchase money and interest due at that time, to wit; $317 73, a sum which as it appears, is greatly under its real value.
A widow who is turnedout of the possession o f property by a sale thereof, under a decree to eníoice a lien for a balance of the purchase money due thereon by the husband, in which suit she is no party: Held tobe entitled to a third of the tents from the time she is turned out of posses sion.
How dower interest to be ascertained, &c.
The final decree of the Louisville Chancery Court erroneously dismisses the cross bill of Nancy Willett, and directs the sale of the whole property to satisfy the unpaid purchase money due from Dusk to the original complainant Samuel Hammon, without regard to the claim of Nancy Willett.
It is the opinion of the Court that Beatty should be required to pay to Nancy Willett, her due proportion of the rents and profits of said house and lot, for each and every year intervening between the time when he took possession, and the period at which final decree shall be rendered in this case. A commissioner should be appointed to ascertain, by the proof taken, and other testimony, which he should be authorized to take, the annual average neat value of the rent of the house and lot, during the period above named, and the time when Beatty got possession, he should likewise ascertain the value of the house and lot itself in thé state and condition it was on the 30th May, 1838, the date of Beatty’s *177 purchase, aocl also its present value, exclusive of any additions and improvements that may have been made, if any, since the last named period, and report such values and the proof taken, to the Court. Her fractional life estate interest in the property should then be determined by deducting the sum of $317 73, from the ascertained value of the house and lot in May, 1838, and one third of the sum remaining, would be the value of her dotvet interest therein at that time. And her fractional interest in the premises being thus ascertained, then' she would be entitled to a decree against Beatty for the same proportion of the annual value of the rents as ascertained, which the value ol her dower interest beats to the value of the entire property, as fixed in May, 1838. And when her proportion of the annual rent is thus found, the amount should be multiplied by the number of years intervening between the period of Beatty’s possession, and that of the final decree in this-case, and the aggregate amount should be decreed to be' paid to the widow by said Beatty.
In assigning to Nancy Willett her dower interest in this property, the Court should ascertain its present value exclusive of additions and improvements, if any made since the purchase, by Beatty; and give to her the same proportionate fractional part thereof which she would have been entitled to at the date of the sale to' Beatty, and such portion of the premises as shall be .of the value of her interest as thus ascertained, shall be assigned to her for dower if practicable, and she so’ elects, or otherwise if necessary to her enjoyment of her interest, she may be allowed to have and receive during her life such proportion of the neat amount of the annual rents and profits of the said house and lot, as the value of her interest therein, bears to the total value of the same entire. And it may be so ordered that the present or any subsequent owner or occupant of the property shall hold and take the same, subject to her' right and claim to her due proportion of the rents.-
Spear for plaintiff; Thruston 4* Pope for defendants.
As between the other parties to this suit, if the matters in controversy between them have not been adjusted, Dusk is entitled to relief over against his vendors, and they over against Beatty upon the covenants of warranty in their respective deeds of conveyance on account of the diminished value of the property, occasioned by the interest therein allowed to Nancy Willett for her dower.
Wherefore the decree of the Louisville Chancery Court is reversed, and the cause remanded with directions to that Court to render a decree in conformity with this opinion.